UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYHEED JEFFERSON,<br><br>            Plaintiff,<br><br>      v.<br><br>WARDEN OF HUDSON COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>            Defendants. | Civ. Action No. 21-04315 (JXN)(LDW)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is the civil rights complaint of *pro se* Plaintiff Tyheed Jefferson, ("Plaintiff"), brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 338 (1971), ("Complaint"). (Compl., ECF No. 1). Plaintiff has previously been granted *in forma pauperis* status in this matter. (ECF No. 9). The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is dismissed as time-barred.

   **I.      BACKGROUND**

The following factual allegations are taken from the Complaint and will be construed as true for purposes of this screening only. Plaintiff is a federal prisoner currently incarcerated at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania. (*See* Compl.,

ECF No. 1 at 3-4.) Plaintiff was previously detained at the Hudson County Correctional Facility, New Jersey, ("HCCF"). Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 338 (1971), (*Id*. at 5.) This case arises from the alleged inadequate medical care provided to Plaintiff while detained at the HCCF. (*Id*.) Plaintiff names the HCCF's Warden, (the "Warden"), the John/Jane Does [Sergeants] and John/Jane Does officers "working the medical pod (infirmary) during [August 2018 through October 2018] [and] CFG [Health Systems LLC ("CFG")]," (ECF No. 1), as well as the John/Jane Does doctors, nurses, and staff, (collectively "Defendants"), as defendants in this matter (*id*. at 5).

Plaintiff submits that he was "housed" in the "medical department" of the HCCF from the "Summer through [the] Winter" in 2018. (*Id*.) Plaintiff claims that he began having severe headaches "around the middle of August." (*Id*.) Along with the headaches, Plaintiff developed a sensitivity to noise, experienced a loss of appetite and impaired vision. (*Id*. at 5-6.) Plaintiff claims "[he] asked the officers, [Sergeants], [doctors] and Nurses to help…[and] was advised to tell the doctor who makes rounds daily." (*Id*.) Plaintiff states he informed the doctor and was told to wait for his upcoming appointment with his "outside kidney transplant doctor." (*Id*. at 6.) Plaintiff submits that the "pain that [he] felt was worse than being shot, the headaches were something [he] had] never felt." (*Id*. at 6.) Plaintiff states he "cried for 18 days straight and not one person gave [him] assistance." (*Id*.)

When Plaintiff "finally made it to the hospital," his doctor informed the "[HCCF's] Medical Unit doctor on call" that Plaintiff tested positive for "[Cryptococcal] Meningitis" and would need to return for further evaluation. (*Id*.) Plaintiff states that he underwent lumbar punctures and was given medication that "went against [his] meds that [he] was already on for [his] transplant (kidney)." (*Id*.) Plaintiff submits that as a result of contracting meningitis he is no

2

longer able to take his antirejection medication, "so [his] kidney function projection has dwindled years." (*Id*.) Plaintiff states that because of the meningitis, he will be on "antibiotics for life" and on pain medication. (*Id*.) Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. (*Id*.)

Plaintiff seeks $20,000,000 in monetary relief. (*Id*. at 6-7.)

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

Plaintiff's Complaint asserts Defendants are liable to him under *Bivens* and 42 U.S.C. § 1983 for their failure to provide him with adequate medical care while detained at HCCF. (*See* ECF No. 1.) *Bivens* provides a remedy for certain constitutional violations committed by federal actors. *See Hutton v. Dep't of Homeland Sec.*, No. CV 17-13393 (ES), 2018 WL 734666, at *2 (D.N.J. Feb. 5, 2018); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cr.2001). To maintain a *Bivens* claim, a plaintiff "must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (discussing that *Bivens* created a right against federal officials parallel to § 1983's right to assert a claim against state officials). Here, Plaintiff's claims arise from the alleged violations committed by state actors at the HCCF and not from any federal entities acting under color of federal law. Accordingly, the Court will construe the Complaint to raise claims pursuant to 42 U.S.C. § 1983.

### A. 42 U.S.C. § 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

#### 1. Statute of Limitations on Section 1983 Claims

The Court construes Plaintiff's Complaint as alleging a violation of his constitutional rights resulting from Defendants' failure to provide him with adequate medical care while he was detained at HCCF. The Court notes that it is not clear from Plaintiff's Complaint whether he was being held at the HCCF as part of a sentence for a criminal conviction or if, instead, he was there as a pretrial detainee, in which case the Eighth Amendment is inapplicable, and his claim would be evaluated under the Due Process Clause of the Fourteenth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).[1] At this time, the Court need not determine whether Plaintiff has adequately pled a § 1983 claim under either the Eighth or Fourteenth Amendment

---

[1] The Due Process Clause of the Fourteenth Amendment has been found to afford protections to pretrial detainees "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere*, 463 U.S. at 244; *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Thus, the Eighth Amendment sets the floor for the standard applicable to pretrial detainees' claims. *Bell v. Wolfish*, 441 U.S. 520, 544 (1979).

because it appears from the face of the Complaint that Plaintiff's claims for inadequate medical care are time-barred.

"[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 Fed.Appx. 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for claims brought under § 1983. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("[f]or section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)). The limitations period for Plaintiff's claims is therefore two years.

Here, the events described in the Complaint occurred between August 2018 through October 2018, more than two years before filing. (*See* ECF No. 1 at 1, 5-6.) Plaintiff's Complaint submits that he began receiving treatment for his meningitis in October 2018. (*Id.*) He would have two years from that date, or by October 2020, to timely file his asserted claims. Plaintiff's Complaint signed on February 19, 2021,[2] is approximately three months beyond the two-year statute of limitations. (*See* ECF No. 1-1 at 3.) As such, Plaintiff's § 1983 claim against Defendants is time-barred and subject to dismissal. *See Paluch v. Secretary Pennsylvania Dept. of Corrections,* 442 F. App'x 690, 694 n.2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it

---

[2] Although the Complaint was received by the Clerk of the Court on March 5, 2021, the Complaint was signed and dated by Plaintiff on February 19, 2021. Therefore, the February date is the date utilized in assessing whether Plaintiff has met the statute of limitations. *See Houston v. Lack,* 487 U.S. 266 (1988) (providing that date a prisoner delivers legal filing to prison authorities for mailing is considered to be the date of court filing); *see also Burns v. Morton,* 134 F.3d 109, 112 (3d Cir.1998). In this case, however, the Complaint remains untimely using either date.

is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

The limitations period may, however, be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson,* 392 F. App'x at 944. A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie St. Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). Plaintiff's Complaint does not submit any basis for equitable tolling of the limitations period. Therefore, Plaintiff's claims will be dismissed without prejudice. Plaintiff may amend his Complaint if he can allege facts that support equitable tolling of the statute of limitations.

### 2. Failure to Comply with Fed. R. Civ. P 8

Even if the Complaint was not time-barred, the Court would dismiss it because it fails to comply with Fed. R. Civ. P. 8. The Court explains this alternative basis for dismissing Plaintiff's Complaint below.

As noted above, Fed. R. Civ. P. 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Complaint gives an overview of events that occurred from August through October of 2018, it does not contain allegations specific to any Defendant. Plaintiff fails to allege

specifically how or when any particular Defendant violated his rights. (*See generally* ECF No. 1.) For example, Plaintiff fails to explain if or how the John/Jane Doe Sergeants, officers, doctors, nurses or staff played a role in the delay or denial of his medical care. (*See id.*) The Complaint is instead comprised of bare allegations against these Defendants, which is insufficient to state a claim for relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015).

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *3 (D.N.J. Mar. 15, 2019); *see also Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Accordingly, the Court will dismiss without prejudice the Complaint in its entirety for failure to comply with Fed. R. Civ. P. 8 because, even liberally construing it, Plaintiff fails to allege what his claims are against any particular Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

### 3. Supervisor Liability Claim

Likewise, the Complaint fails to state a supervisor liability claim against the Warden or CFG. Aside from the caption, the Complaint is silent as to the personal involvement of either of these two Defendants, and the Complaint makes no factual allegations whatsoever regarding the Warden.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability

under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

Here, the Complaint fails to allege that the Warden was involved in establishing a policy, practice, or custom that caused Plaintiff's alleged inadequate medical care. Nor does the Complaint allege that the Warden participated in the alleged inadequate medical care, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the inadequate medical care of Plaintiff. Accordingly, claims against the Warden are dismissed without prejudice for failure to state a claim.

Next, because Plaintiff has not identified any specific CFG employees in his Complaint, he therefore appears to impute liability to CFG based on *respondeat superior*, because it is the entity that provided medical services to prisoners at Hudson County Correctional Facility and its employees allegedly failed to provide Plaintiff with adequate medical care.

Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable on the theory of *respondeat superior*. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669–70 (3d Cir. 2010). Instead, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690–92 (1978), a private corporation can be held liable for

9

constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. S*ee Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). Here, the Complaint is entirely devoid of any allegations about a policy or custom maintained by CFG which caused Plaintiff's alleged constitutional harm. Accordingly, any claim against CFG is also dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice.[3] The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")