# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TYHEED JEFFERSON,

                              Plaintiff,

            v.

WARDEN OF HUDSON COUNTY
CORRECTIONAL FACILITY, *et al.*,

                              Defendants.

Civil Action No. 21-04315 (JXN)(LDW)


**OPINION**

**NEALS**, District Judge

Before the Court is the civil rights amended complaint ("Amended Complaint") of *pro se* Plaintiff Tyheed Jefferson ("Plaintiff"), brought pursuant to 42 U.S.C. § 1983. (ECF No. 17.) Previously, this Court dismissed Plaintiff's initial complaint (ECF No. 1) as time-barred and for failure to state a claim upon which relief may be granted. (*See* ECF No. 12.) The Court must now review the proposed Amended Complaint (ECF No. 17.) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is dismissed as time-barred and for failure to state a claim upon which relief can be granted.

## I.      BACKGROUND

On January 13, 2022, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 12.) In Plaintiff's initial complaint, he alleged claims of inadequate medical care provided to Plaintiff while detained at the Hudson County Correctional Facility ("HCCF"). (ECF No. 1.)

Plaintiff named the HCCF's Warden, (the "Warden"), the John/Jane Does [Sergeants] and John/Jane Does officers "working the medical pod (infirmary) during [August 2018 through October 2018] [and] CFG [Health Systems LLC ("CFG")]," (ECF No. 1), as well as the John/Jane Does doctors, nurses, and staff, as defendants in this matter (*id.* at 5). The Court dismissed Plaintiff's Eighth Amendment inadequate medical care claims against all Defendants as time-barred and for failure to state a claim upon which relief can be granted. (*See* ECF Nos. 12 and 13.) The Court permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims. (*Id.*)

Plaintiff filed what the Court construes as a proposed Amended Complaint. (ECF No. 17.) The following factual allegations are taken from the Amended Complaint and will be construed as true for the purposes of this screening only. Plaintiff is a federal prisoner currently incarcerated at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania. (ECF No. 1 at 3-4.) At the time of incident alleged, Plaintiff was a pretrial detainee, housed at the Hudson County Correctional Facility, New Jersey. (*See* ECF No. 17 at 1.)

The caption of the Amended Complaint only names "CFG Health Systems LLC ("CFG") and Hudson County Correctional Facility ("HCCF"), et al." as Defendants. Due to Plaintiff's *pro se* status, the Court construes the Amended Complaint as raising claims against the named Defendants from the Plaintiff's initial complaint: HCCF's Warden, (the "Warden"), the John/Jane Does [Sergeants] and John/Jane Does officers "working the medical pod (infirmary) during [the relevant time period]" and CFG, (ECF No. 1), as well as the John/Jane Does doctors, nurses, and staff. (*id.* at 5). The Amended Complaint again raises a claim that Defendants violated Plaintiff's constitutional rights to be free from cruel and unusual punishment under the Fourteenth Amendment for the care (or lack thereof), he received. (*See* ECF No. 17.)

2

The facts alleged in the Amended Complaint provide only minor additions to those alleged in Plaintiff's initial complaint. Plaintiff submits that he was "housed" in the "medical infirmary" at HCCF from approximately July 2018 through December 2018.[1] (*Id.* at 6.) Plaintiff alleges that while in the medical infirmary he contracted "[Cryptococcal] Meningit[i]s." (*Id.*) Plaintiff claims that "one day [he] woke up feeling really ill." (*Id.*) Plaintiff alleges he asked the "CO" to request a "nurse and doctor," but was told he would "need to wait until they made their rounds." (*Id.*) Plaintiff states that when the on-call nurse and doctor arrived, he explained how he felt and that he "need[ed] to go to the hospital" (*Id.*) Plaintiff alleges that he was denied a "hospital trip" but the doctor did "blood work." (*Id.*) Plaintiff was informed that "nothing was wrong with [his] blood." (*Id.*) Plaintiff submits that his pain was "unbearable [and] the lights and noise made matters wors[e]." (*Id.*) Plaintiff alleges he "begged officers that were employed at [HCCF] and every medical personal that came to the medical infirmary to please send [him] to the hospital because the lights, noise, and the pain . . . affected [his] well being." (*Id.* at 2.) "The morning watch officer Ms. Mendosa suggested [Plaintiff] put it in the kiosk that [he] was requesting to go to the hospital." (*Id.*)

Plaintiff claims "the [doctor] suggested that [he] just wait until [he] go[es] to [his] appointment that was suppose[d] to be soon and just tell [his] kidney doctor." (*Id.* at 7.) Plaintiff states that approximately ten days later he received blood work at St. Barnabas. (*Id.*) After Plaintiff returned to HCCF, his doctor from St. Barnabas called and said the [Plaintiff] needed to be returned to the hospital immediately [because] [he] had an infection in [his blood.]" (*Id.*) Plaintiff alleges that he had "multiple lumbar punctures[,] [] lost weight [,] and is on antibiotics for life because of

---

[1] Elsewhere in the Amended Complaint, Plaintiff alleges his rights were violated between July 2018 and August 2018. (ECF No. 17 at 1.) Due to Plaintiff's *pro se* status, the Court will consider the longer time frame of July 2018 through December 2018 for purposes of screening.

3

this injury." (*Id.* at 3.) Additionally, Plaintiff claims he "lost years off [his] transplant life" and has "to wear tinted glasses because the light still hurst [his] eyes and give[s] [him] instant headaches without them." (*Id.* at 3-4.)

The Amended Complaint does not indicate the relief sought.

## II.    STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding m forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

Plaintiff's Amended Complaint asserts that Defendants are liable to him under 42 U.S.C. § 1983 based on claims of Fourteenth Amendment inadequate treatment. (*See generally* ECF No. 17.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 US. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

### A. Statute of Limitations on Section 1983 Claims

The Court construes Plaintiff's Amended Complaint as alleging a violation of his constitutional rights resulting from Defendants' failure to provide him with adequate medical care while he was detained at HCCF. Based on the facts alleged, it appears Plaintiff's claims for inadequate medical care are time-barred.

As explained in the Court's January 13, 2022, Opinion dismissing Plaintiff's initial complaint "a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 Fed.Appx. 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for claims brought under § 1983. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("[f]or section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)). The limitations period for Plaintiff's claims is therefore two years.

Plaintiff's Amended Complaints fails to cure the deficiencies noted in the Court's prior Opinion. The Amended Complaint states that the events alleged occurred between August 2018 and at the latest December 2018, more than two years before the filing of Plaintiff's initial complaint. (*See* ECF No. 17 at 6; *see also* ECF No. 1 at 7.) The latest date alleged in the Amended Complaint is December 2018. (ECF No. 17 at 6.) He would have two years from that date, or by December 2020, to timely file his asserted claims. Plaintiff's initial complaint was signed on February 19, 2021,[2] which is approximately two months beyond the two-year statute of limitations. (*See* ECF No. 1 at 7.) As such, Plaintiff's § 1983 claims against Defendants are time-barred and subject to dismissal. *See Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an

---

[2] Although Plaintiff's initial complaint was received by the Clerk of the Court on March 5, 2021, the initial complaint was signed and dated by Plaintiff on February 19, 2021. Therefore, the February date is the date utilized in assessing whether Plaintiff has met the statute of limitations. *See Houston v. Lack*, 487 U.S. 266 (1988) (providing that date a prisoner delivers legal filing to prison authorities for mailing is considered to be the date of court filing); *see also Burns v. Morton*, 134 F.3d 109, 112 (3d Cir.1998). In this case, however, the Complaint remains untimely using either date.

affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

The Court previously noted that the limitations period may, however, be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie St. Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). Here, Plaintiff's Amended Complaint has once again failed to provide any basis for equitable tolling of the limitations period. Because Plaintiff fails to cure the deficiencies previously noted by the Court, Plaintiff's Fourteenth Amendment inadequate medical care claims shall again be dismissed without prejudice. However, Plaintiff may file an amended complaint with respect to his §1983 claims that are dismissed on the basis of timeliness if he can accurately allege facts that would support equitable tolling of the statute of limitation.

### B. Failure to State a Claim

#### 1. Fourteenth Amendment Claim of Inadequate Treatment

Even if Plaintiff's claims were not time-barred, the Court would dismiss them for failure to state a claim upon which relief can be granted. The Court explains this alternative basis for dismissing Plaintiff's Amended Complaint below. The Court construes the Amended Complaint as raising a Fourteenth Amendment inadequate medical treatment claim. (*See generally* ECF No. 17.)

A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

8

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.2d at 110.

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met . . . . Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an

> inmate from receiving recommended treatment for serious medical needs or deny
> access to a physician capable of evaluating the need for such treatment.

*Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346 (citations omitted). "[I]f necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out." *Id.*

Plaintiff's Amended Complaint fails to state a claim for relief under the Eighth Amendment for deliberate indifference to his serious medical needs. The Amended Complaint states that Plaintiff was receiving some medical treatment. Plaintiff was seen by the on-call nurse and doctor, who ran blood work. (ECF No. 17 at 6.) Plaintiff was informed that the blood work showed "nothing was wrong with [his] blood." (*Id.*) Plaintiff was again seen by a physician at HCCF, who informed Plaintiff he would need to wait for his upcoming appointment with his "kidney doctor," which took place "[ten] days later" at St. Barnabas. (*Id.* at 7.) That Plaintiff is dissatisfied with the type of/or amount of treatment received is insufficient to state a deliberate indifference claim under the Eighth Amendment. Indeed, "mere disagreement between prison doctors and a prisoner about the proper course of treatment does not evince the deliberate indifference necessary for an Eighth Amendment violation." *McCabe v. Pennsylvania Dep't of Corr.*, 523 F. App'x 858, 860 (3d Cir. 2013) (citing *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 347; *see also Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979).) Accordingly, Plaintiff fails to state a deliberate indifference claim and his Fourteenth Amendment inadequate treatment claim is dismissed without prejudice.

### 2. Supervisory Liability Claim

The Amended Complaint fails to state a supervisory liability claim against the Warden or CFG. Specifically, the Amended Complaint is again silent as to the personal involvement of either of these two Defendants.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

Here, the Amended Complaint fails to allege that the Warden was involved in establishing a policy, practice, or custom that caused Plaintiff's alleged inadequate medical care. Nor does the Amended Complaint allege that the Warden participated in the alleged inadequate medical care, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the inadequate medical care of Plaintiff. Accordingly, claims against the Warden are dismissed without prejudice for failure to state a claim.

Next, because Plaintiff has not identified any specific CFG employees in his Amended Complaint, he therefore appears to impute liability to CFG based on *respondeat superior*, because it is the entity that provided medical services to prisoners at HCCF and its employees allegedly failed to provide Plaintiff with adequate medical care.

Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable on the theory of *respondeat superior*. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669–70 (3d Cir. 2010). Instead, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690–92 (1978), a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. S*ee Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). Here, the Amended Complaint is entirely devoid of any allegations about a policy or custom maintained by CFG which caused Plaintiff's alleged constitutional harm. Accordingly, Plaintiff has failed to cure the deficiencies noted in the Court's January 13, 2022, Opinion, and any claim against CFG is again dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed without prejudice.[3] The Court shall give Plaintiff thirty (30) days to file a second amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED: December 19, 2022**

**JULIEN XAVIER NEALS**
United States District Judge

---

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")